Melvin M. SANCE, Jr., Appellant,

v.

Eula E. BURNETT et al., Appellees.

No. 15935.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 3, 1958.

Brewster, Pannell, Leeton & Dean, Henry E. Kerry, and Beale Dean, Fort Worth, for appellant.

Ernest May, Fort Worth, for appellees.

MASSEY, Chief Justice.

As plaintiffs, Eula E. Burnett et al. brought a suit for libel against Melvin M. Sance, Jr., in Tarrant County, Texas. The defendant filed a plea of privilege to be sued in the County of his residence, Bexar County. Plaintiffs filed their controverting affidavit, and following a hearing thereof before the court, without intervention of a jury, the defendant's plea of privilege was overruled. No findings of fact or conclusions of law appear. The defendant perfected an appeal to this court.

Judgment reversed and remanded.

The question involved in this case revolves around the two letters purportedly published by the defendant, through the agency of which the plaintiffs were libeled. They were attached to the plaintiffs' petition as Exhibits "A" and "B". Neither of same bears the ordinary type of letterhead commonly observed in correspondence of business offices, but are apparently carbon copies. Said carbon copies were apparently made upon a plain sheet of paper bearing no form of identifying labels. The defendant is the Associate Grand Patron of the Masonic Grand Chapter of Texas, Prince Hall Affiliation, Order of the Eastern Star. His office address is 409 South Gevers Street, San Antonio, Texas. One J. W. Hubert is Grand Patron, and his address is in Houston. Plaintiff Eula E. Burnett is Grand Secretary of the Order.

The first of the carbon copies containing the libelous language was a copy of a letter purportedly executed by the defendant and addressed to Hubert. Its date is Feb-

ruary 5, 1958. The second was a copy of a letter purportedly executed by the defendant and addressed to the District Director of Internal Revenue at Austin, Texas. Its date is February 6, 1958. In both instances at the place for signature appears the typewritten words, "Melvin M. Sance, Jr., Associate Grand Patron". The typewriting appears immediately below the space customarily used to sign business letters, but there is no handwritten signature. These letters were admitted in evidence, over objection, without proof of their authenticity. See 17 Tex.Jur., p. 746, "Evidence—Civil Cases", sec. 323 "—Authentication and Proof of Genuineness".

There was a letter, dated February 7, 1958, which was addressed directly to Mrs. Burnett upon stationery bearing the letterhead of the Order, and bearing the handwritten signature of the defendant above the typewritten words of his name and title. This letter was introduced in evidence; however, though clearly a reply letter to some character of letter written to Sance by Mrs. Burnett on February 6, 1958, it does not afford substance upon which to establish the admissibility of the libelous letters (carbon copies) heretofore mentioned. There would only be suspicion and surmise as to what was contained in the letter to which it was a reply. It refers to a letter purportedly mailed to J. W. Hubert and dated February 5th, stating that a copy thereof was enclosed. Such copy, if any enclosed, was not offered in evidence. There would only be suspicion and surmise that it was the same as the copy to Hubert, bearing the same date, which was received over objection.

■ Under these circumstances we are of the opinion, and so hold, that prima facie proof of necessary elements of an action for libel was wanting in this instance. There is no proof that the defendant published the defamatory matter unless the let-ter-copies themselves be properly treated as evidence that he executed them.

■ The plaintiffs recognize the problem and insist that since *non est factum* was not plead under oath, in accord with the provisions of Texas Rules of Civil Procedure, rule 93(h), the libelous letters (letter-copies) proved themselves as having been "executed" by the defendant. But there was no allegation by plaintiffs that such letters were "executed",—rather the allegation was that they were caused to be "published" by the defendant. The exact allegation is that "* * * the defendant caused to be published by United States mail and postal delivery * * * the communication evident by plaintiffs' exhibit 'A' * * * and * * * the defamatory communication evident by plaintiffs' exhibit 'B'." Under the circumstances of this case the term "published" or the term "caused to be published" certainly does not embrace the term "executed". Neither would the terms be synonymous. It necessarily follows that defendant was not obliged to plead *non est factum* under oath in order to make an issue. Plaintiffs were not relieved of any burden through the defendant's election not to do so. Woods v. P. B. S. Motor Co., Tex.Civ.App., Texarkana 1956, 288 S.W.2d 557.

■ From what has been said, the judgment in this case should be reversed. It is apparent that this case was not fully developed, and was tried upon the wrong theory in respect to the applicability of T.R.C.P. 93(h) by both plaintiffs' counsel and the trial court. Were this not true certainly the trial court would have transferred the cause to Bexar County, the proof having been wholly insufficient to retain the venue in Tarrant County. Under the rule laid down in the case of Jackson v. Hall, 1948, 147 Tex. 245, 214 S.W.2d 458, the cause is remanded for another trial.

Reversed and remanded.