**Jack CUNNINGHAM, Appellant,**

**v.**

**GULF COAST COLLECTION AGENCY COMPANY, Appellee.**

No. 15146.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Dec. 7, 1967.

Houchins & Tasker, Kenyon Houchins, Houston, for appellant.

Solito, Vetrano & Murr, Edward G. Murr, Houston, for appellee.

PEDEN, Associate Justice.

Plaintiff's petition alleged that the defendant company uttered and published a libel in the form of a letter (part of which is set out in the petition) and that it was circulated.

The plaintiff filed this appeal after the trial court granted the defendant's motion for an instructed verdict.

The plaintiff testified that his foreman, Mr. Ken Winters, had handed him a letter purporting to be from the defendant company and that he had called the telephone number indicated on the letter. The operator first connected him with the defendant company and then with a Mr. McDaniel, and Mr. McDaniel admitted that "they sent a letter" concerning a delinquent account.

Plaintiff's attorney then asked his client many questions about the telephone conversation with Mr. McDaniel, seeking to prove what Mr. McDaniel (who is not a party to the suit) had said to the plaintiff as to (1) the information in the letter,

(2) whether he had sent it, and (3) whether he was connected with the defendant company. Defendant's objections of hearsay were sustained. The letter was not in evidence and had not yet been offered in evidence.

Plaintiff's first point on appeal asserts in general terms that the testimony concerning his telephone conversation with Mr. McDaniel, who responded to the telephone call placed to the offices of the defendant company, should have been admitted.

■ One of plaintiff's basic problems is the lack of proof in the record that Mr. McDaniel was an agent of defendant company and was acting within the scope of his authority at the time he transmitted the letter in question, if he did. In the absence of such proof, what Mr. McDaniel later said to plaintiff in a telephone conversation would be hearsay as to his principal. As pointed out in the case of Edwards v. Montgomery Ward & Company, Tex.Civ.App., 270 S.W.2d 432, ref., n. r. e., "This showing of employee status was not sufficient from which to infer his authority to make assertions on behalf of his principal affecting the latter's rights or liabilities in regard to the subject matter of this suit."

■ The agent may testify as to facts showing his agency, but to have others relate his declarations on the subject constitutes hearsay. Humble Oil & Refining Company v. Hamer, Tex.Civ.App., 167 S. W.2d 272, n. w. h.

■ Further, the record in this case is silent as to what the plaintiff's testimony would have been if he had been permitted to testify as to such conversation, so we are unable to determine whether he has been harmed by its exclusion.

■ Plaintiff further contends that by reason of Rule 93(h), Texas Rule of Civil Procedure, the allegedly libelous letter, which was marked as Plaintiff's Exhibit 4, should have been accepted into evidence as fully proved. It is true that the defendant company did not under oath deny its execution, but plaintiff's pleadings do not entitle him to require such denial because plaintiff did not allege that such letter was executed by the defendant company or by its authority. Sance v. Burnett, Tex.Civ. App., 316 S.W.2d 761, n. w. h., was also a libel case. The trial court had admitted the letters in evidence over objection, without proof of authenticity or execution. On appeal, the judgment of the trial court was reversed, the appellate court stating:

"Under these circumstances we are of the opinion, and so hold, that prima facie proof of necessary elements of an action for libel was wanting in this instance. There is no proof that the defendant published the defamatory matter unless the letter-copies themselves be properly treated as evidence that he executed them.

"The plaintiffs recognize the problem and insist that since non est factum was not plead under oath, in accord with the provisions of Texas Rules of Civil Procedure, rule 93(h), the libelous letters (letter-copies) proved themselves as having been 'executed' by the defendant. But there was no allegation by plaintiffs that such letters were 'executed',—rather the allegation was that they were caused to be 'published' by the defendant. The exact allegation is that ' * * * the defendant caused to be published by United States mail and postal delivery * * the communication evident by plaintiffs' exhibit "A" * * * and * * * the defamatory communication evident by plaintiffs' exhibit "B".' Under the circumstances of this case the term 'published' or the term 'caused to be published' certainly does not embrace the term 'executed'. Neither would the terms be synonymous. It necessarily follows that defendant was not obliged to plead non est factum under oath in order to make an

issue. Plaintiffs were not relieved of any burden through the defendant's election not to do so."

For the reasons stated neither of appellant's points presents error. The judgment of the Trial Court is in all things affirmed.