**Siebelt Marion McCARTHY, Jr., Margaret Mary Pung, Amelia Josephine Easley, Catherine Theresa Dalton, Nora Elizabeth McWilliams and Thomas Patrick McCarthy, Appellants,**

**v.**

**Augusta M. Lyscio GEORGE, Elizabeth W. Lyscio Ulrich, Robert L. Gooch, Charles W. Gooch and Alfred Lyscio, Appellees.**

No. 18334.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 26, 1980.

Rehearing Denied Dec. 31, 1980.

Nolan Queen, Weatherford, Trickey & Trickey, and Richard Trickey, Fort Worth, for appellants.

O'Neal & O'Shaughnessy, and Jerry D. O'Neal, Weatherford, for appellees.

## OPINION

HUGHES, Justice.

Defendants in the trial court have appealed the judgment in a trespass to try title suit involving 160 acres of land situated in Parker County. Plaintiffs recovered an undivided one–half interest in the disputed tract as heirs of one Elizabeth McCarthy. One of the plaintiffs, Charles Gooch, was before the court as an involuntary plaintiff.

We reverse and remand.

The plaintiffs (appellees) are the children and grandchildren of Elizabeth McCarthy. Elizabeth McCarthy was the daughter of Christine McCarthy. Both are now deceased.

The defendants (appellants) are the children of Siebert (S. M.) McCarthy, the son of the marriage of P. E. and Christine McCarthy, both deceased.

The plaintiffs primarily base their claim of an undivided interest in the title to the land on a purported 1899 "judgment of divorce" between P. E. and Christine McCarthy. The "judgment" allegedly vested remainder interests in the 160 acre tract in S. M. and Elizabeth McCarthy as co–tenants. S. M. and Elizabeth McCarthy are half brother and sister. The parties claim through their respective ancestors.

In their First Amended Original Petition plaintiffs alleged that they and the defendants continued as co–tenants of the 160 acre tract in Parker County, i. e. plaintiffs' share consisted of an undivided one–half interest and defendants' share consisted of a like one–half interest. Plaintiffs sought title to and entitlement to possession of their undivided one–half interest in the 160 acre tract. Among other things, plaintiffs alleged that defendants unlawfully entered and dispossessed plaintiffs of their one–half interest in the 160 acres by filing and recording in the Parker County deed records a limitations affidavit.

Defendants answered by general denial and plea of "not guilty." They asserted claim to limitation of title under various adverse possession statutes. In the alternative defendants also pleaded estoppel, and by way of a counter–claim, breach of warranty of title.

The plaintiffs and defendants stipulated that the case should first go to trial on the issue of title, giving as their reason a high degree of probability of an agreement as to partition after the resolution of the issue of title.

Defendants filed a Motion for Proof of Authority to represent plaintiffs in regard to Robert Gooch and Charles Gooch, the grandchildren of Elizabeth McCarthy. The motion was heard, the court finding that there was authority in the plaintiff's attorneys to represent Robert Gooch. As to Charles Gooch the court found there was no authority of representation; however, the court on its own motion, believing Charles Gooch to be a necessary party, ordered him joined as an involuntary plaintiff. The court appointed the attorneys representing the other plaintiffs to likewise represent Charles Gooch. Defendants objected to this ruling on the ground that Charles Gooch is not a necessary party.

Trial was then had on the issue of title and thereupon was rendered the judgment awarding one–half undivided interest in the realty to plaintiffs. Defendants have appealed.

By their fourth point of error defendants assert that the trial court erred in making Charles Gooch an involuntary plaintiff and in authorizing plaintiffs' attorneys to represent his interest without citation and notice after holding said attorneys were not authorized to bring the lawsuit in his behalf.

■ In their brief defendants argue: "Under Texas law, a Plaintiff may bring a trespass to try title action without the joinder of a co-tenant, and the co-tenant is not a necessary party." The defendants would be correct in this assertion if their action was brought by plaintiffs against a stranger to the title. See: *Hicks v. Southwestern Settlement & Development Corporation*, 188 S.W.2d 915 (Tex.Civ.App.—Beaumont 1945, writ ref'd w. o. m.). *Hicks* contains a broad discussion as to the rights of co-tenants to maintain suits regarding land held in common. It was pointed out that in Texas, in trespass to try title suits between parties owning undivided interests in land, a plaintiff cannot recover from a defendant the interests of omitted tenants in common although the defendant claims adversely to all. This is due to the fact that the statutory action of trespass to try title requires title of some sort to maintain it. The recovery of the plaintiff is limited to the title exhibited by him. The court elaborated:

"It seems reasonable to say that in the situation where appellants cannot recover title for their omitted tenants in common, they cannot litigate the title vested in said tenants; what appellants do not have the right to recover as representatives, they ought not to have the power to lose in that capacity."

*Hicks v. Southwestern Settlement & Development Corporation, supra,* at 925; see also *Duncanson v. Howell,* 222 S.W. 232 (Tex.Comm'n App.1920, holding approved).

■ The form of the pleadings here is crucial in that the Plaintiff's First Amended Original Petition alleges that: "Plaintiffs were and still are owners of and entitled to possession of an undivided one-half interest in and to ..." the 160 acre tract.

This form of allegation necessarily puts into issue the separate undivided interest of Charles Gooch. Furthermore, the judgment of the trial court went to the title of Charles Gooch. A co-tenant in a trespass to try title suit against a fellow co-tenant can recover only to the extent of the title he manifests. *Duncanson v. Howell, supra.* There is no indication in the record that the other named plaintiffs were vested with the title of Charles Gooch as trustees. We hold that Charles Gooch is an indispensable party insofar as his title was put into issue by the pleadings to which the parties, at this point, are confined. Tex.R.Civ.P. 39.

The lack of an indispensable party deprives the trial court of jurisdiction and is "fundamental error which can and must be noted by the appellate court." *Jennings v. Srp,* 521 S.W.2d 326 (Tex.Civ.App.—Corpus Christi 1975, no writ).

In the trial court Charles Gooch was made an involuntary plaintiff under Tex.R. Civ.P. 39(a) which allows such action "in proper cases." In addressing what is meant by "proper cases" it has been said that:

"[T]he rule may be applied only where some substantive relation between the parties permits, such as a trust relationship permitting one to sue in the name of another...."

1 McDonald, Texas Civil Practice § 3.31 (Rev.1965), (citing authority.)

Tenants in common hold by several and distinct titles. *Republic Production Co. v. Collins,* 7 S.W.2d 187 (Tex.Civ.App.—Eastland 1928, writ ref'd). We have already pointed out that one co-tenant cannot sue another for the title of an absent co-tenant. We hold that it is not incumbent upon the purported owner of an undivided interest in realty to permit the use of his name in support of action in trespass to try title against his co-tenants. The trial court erred in proceeding to trial after having made Charles Gooch an involuntary plaintiff and in rendering judgment for him to the injury of the defendants' claim to the title. In any event—in view of the nature of the other plaintiffs' prayer for relief—reversible error has resulted.

The foregoing disposition of this appeal renders it unnecessary to pass upon the other points of error urged by the defendants.

Judgment of the trial court is reversed and the cause is remanded.