Siebelt Marion McCARTHY, Jr. et al., Petitioners,

v.

Augusta M. Lyscio GEORGE et al., Respondents.

No. C–110.

Supreme Court of Texas.

July 15, 1981.

Trickey & Trickey, Richard Trickey, Fort Worth, for petitioners.

O'Neal & O'Shaughnessy, Jerry D. O'Neal, Weatherford, for respondents.

PER CURIAM.

Plaintiffs, heirs of Elizabeth McCarthy Lyscio, sued in trespass to try title for an undivided one-half interest in one hundred sixty acres in Parker County. The defendants, the children of Siebelt M. McCarthy, were in possession of the tract and claimed it all. After motion and hearing the trial court found that the plaintiffs' attorneys lacked authority to represent one of the alleged plaintiffs, Charles Gooch, a grandchild of Elizabeth McCarthy Lyscio, who was overseas as a member of the U.S. Navy. The trial court then, on its own motion, joined Gooch as an involuntary plaintiff and ordered the plaintiffs' attorneys to represent him.

■■■ The trial judge is to be commended for sealing the police reports and including one-half interest in the tract to the plaintiffs. The court of civil appeals reversed and remanded. It sustained the defendants' point that the trial court had erred in making Gooch an involuntary plaintiff. In addition, although neither party had perfected a point complaining of Gooch's absence, the court of civil appeals held that Gooch was an indispensable party whose absence deprived the trial court of jurisdiction. According to the court of civil appeals, proceeding in Gooch's absence was fundamental error which the court was required to note. Apparently because of its holding that Gooch was indispensable, the court of civil appeals did not consider the defendants' other points of error, some of which would require rendition of judgment for the defendants if sustained. 609 S.W.2d 630.

The defendants have petitioned this court for writ of error urging that Gooch was not indispensable and that the court of civil appeals should have considered their rendition points. We agree. The decision of the court of civil appeals is in conflict with *Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200 (Tex.1974), and *Dulak v. Dulak*, 513 S.W.2d 205 (Tex.1974). Under Rule 483, Texas Rules of Civil Procedure, the defendants' application for writ of error is granted. Without hearing oral argument, we reverse the judgment of the court of civil appeals.

Amended Rule 39, Texas Rules of Civil Procedure, effective January 1, 1971, initia-

ted a new method for resolving the question of joinder of parties. Rule 39 is almost an exact copy by Texas of Federal Rule 19, Federal Rules of Civil Procedure. One of the aims of the revised rule was to avoid questions of jurisdiction. What is involved, under Rule 39, is a question of whether the court ought to proceed with those who are present. One of the practical factors we took into consideration in *Cooper* and *Dulak* in holding that an absent party was not jurisdictionally indispensable was that those cases had actually been tried as to those parties who were present and there was no objection at the trial level concerning the nonjoinder of a party. *Cooper*, 513 S.W.2d at 203, 204; *Dulak*, 513 S.W.2d at 207. "At the appellate stage there is reason not to throw away a judgment just because it did not theoretically settle the whole controversy." *Cooper*, 513 S.W.2d at 204, quoting *Schutten v. Shell Oil Co.*, 421 F.2d 869, 874 (5th Cir.1970). See *Provident Tradesmen Bank & Trust v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); 7 C. Wright & A. Miller, *Federal Practice and Procedure* § 1601 (1972); W.V. Dorsaneo, III, *Compulsory Joinder of Parties in Texas*, 14 Hous.L.Rev. 345 (1976/77).

We remand the cause to the court of civil appeals for determination of the points, which if sustained, would require rendition of judgment for the defendants.