**Siebelt Marion McCARTHY, Jr., Margaret Mary Pung, Amelia Josephine Easley, Catherine Theresa Dalton, Nora Elizabeth McWilliams and Thomas Patrick McCarthy, Appellants,**

v.

**Augusta M. Lyscio GEORGE, Elizabeth W. Lyscio Ulrich, Robert L. Gooch, Charles W. Gooch, and Alfred Lyscio, Appellees.**

No. 18334.

Court of Appeals of Texas, Fort Worth.

Oct. 21, 1981.

Rehearing Denied Nov. 18, 1981.

Trickey & Trickey, Richard Trickey, Fort Worth, for appellants.

Nolan Queen, O'Neal & O'Shaughnessy, Jerry D. O'Neal, Weatherford, for appellees.

Before HUGHES, JORDAN and BROWN, JJ.

## OPINION

HUGHES, Justice.

This appeal is from an action in trespass to try title. 609 S.W.2d 630 (Tex.Civ.App. 1980). The appealing defendants are the heirs of S. M. McCarthy, the son produced by the marriage of P. E. and Christine McCarthy. The plaintiffs are the heirs of Elizabeth McCarthy Lyscio, a daughter born to Christine McCarthy before her marriage to P. E. McCarthy. The defendants have assigned numerous errors to the trial court's action in awarding the plaintiffs a one-half undivided interest in a 160 acre tract situated in Parker County, Texas. The defendants claim ownership of the tract in fee simple.

We affirm.

Before addressing the defendant's substantive points, we first dispose of their assertions relating to the trial court's error in the joining of one Charles Gooch as an involuntary plaintiff and their further assertions relating to the trial court's error in holding that the plaintiff's attorneys were authorized to bring the lawsuit on behalf of Robert Gooch. The trial court's rulings on these matters came following a hearing in response to defendants' Rule 12 motion for proof of authority to represent Robert Gooch and Charles Gooch.

Both Robert Gooch and Charles Gooch are lineal descendants of Elizabeth McCarthy Lyscio. At times relevant to this suit Charles Gooch was overseas as a member of

the U. S. Navy and Robert Gooch was residing in Missouri.

The defendants' third point is that the trial court erred in holding plaintiffs' attorneys authorized to bring the lawsuit on behalf of Robert Gooch because there was no admissible evidence upon which such holding could be based. The third point of error actually encompasses the first two points which relate to the trial court's alleged error in admitting certain testimony and exhibits. We can dispose of the third point of error by discussing the first two points.

At the hearing on the issue of attorneys' authority to represent Robert Gooch, Jerry O'Neal, one of the challenged attorneys, testified that he had had a telephone conversation with Robert Gooch who stated that if he did not want O'Neal to represent him he would call him and let him know. He further testified that Robert Gooch never contacted him afterwards. The defendants contend in their first point of error that such testimony was hearsay. We disagree.

A hearing on the issue of an attorney's authority to represent a party is actually one in the nature of a determination as to whether a principal-agency relationship exists. An agent may testify to facts showing his agency. It is only when third persons relate declarations on the subject that there is hearsay. *Cunningham v. Gulf Coast Collection Agency Company*, 422 S.W.2d 233, 234 (Tex.Civ.App.—Houston [1st Dist.] 1967, no writ). We overrule the first point of error.

■ The defendants' second point of error is that the trial court erred in admitting certain exhibits into evidence. The defendants assert, by point of error only, that the exhibits were hearsay. However, the defendants have failed to support their contention that the exhibits were hearsay with argument and authority. Thus, the question as to whether the exhibits were hearsay is waived and the second point of error is overruled. Tex.R.Civ.P. 418 (Supp.1981).

■ Having thus disposed of the first two points of error, we overrule the third point of error and hold that there was admissible evidence to support the trial court's ruling that the plaintiffs' attorneys were authorized to bring the lawsuit on behalf of Robert Gooch.

■ The defendants' fourth point of error is that the trial court erred in making Charles Gooch an involuntary plaintiff and authorizing the plaintiffs' attorneys to represent his interest without citation and notice after holding said attorneys were not authorized to bring the lawsuit on his behalf.

Tex.R.Civ.P. 39(a) (1979), which addresses joinder of parties as involuntary plaintiffs and is almost an exact copy of Federal Rule 19(a), reads as follows:

"(a) Persons to be Joined if Feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. *If he has not been so joined the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or in a proper case, an involuntary plaintiff.*" (Emphasis supplied).

As to what constitutes a "proper case" for use of the involuntary plaintiff device, it has been said that "The Rule is not available merely because one who should be a plaintiff is not subject to the jurisdiction of the court: his relation to the plaintiff must be such that, in law, he is obligated to permit the use of his name in support of the action." 1 R. McDonald Texas Civil Practice § 3.31 (Rev.1981) citing federal cases.

It has already been determined by the Texas Supreme Court, in earlier stage in the development of this case, that Charles Gooch was not an indispensable party and therefore the trial court could have proceeded with the parties who were present. *McCarthy v. George*, 618 S.W.2d 762 (Tex. 1981).

In view of the Supreme Court's holding we hold that this is not a "proper case" for the utilization of the involuntary plaintiff device. We sustain the defendants' fourth point of error.

At this juncture we will discuss the background of the controversy.

Dennis Dunn had obtained a patent to the disputed tract from the State of Texas. In 1879 Dunn's widow executed a deed to the disputed tract to P. E. McCarthy. P. E. married Christine in 1884. At the time of her marriage to P. E., Christine had a daughter, Elizabeth, from a previous marriage. The marriage of P. E. and Christine produced a son, S. M. McCarthy. In 1893 P. E. executed a deed to the disputed tract to Christine. In 1899 Christine filed a petition for divorce against P. E. A trial was had and one of the issues therein involved a construction of the 1893 deed executed by P. E. to Christine. The jury found that the 1893 deed was the result of overreaching on the part of Christine. There is also in evidence a 1940 deed executed by Christine to S. M. McCarthy.

Much of this controversy centers around whether the 1899 suit was ever taken to judgment. The plaintiffs introduced several documents from the records of the clerk's office as evidence that a judgment was rendered in 1899 which vested undivided one-half remainder interests in S. M. and Elizabeth McCarthy (the parties' ancestors). These documents included Christine's original petition filed in 1899; the court's charge to the jury; the jury's answers to special issues; an unsigned document which appears to be a judgment or a memorandum thereof; and the minutes of the court. The memorandum of judgment and minutes of the court expressly vest the remainder interests.

The minutes of the court were admitted into evidence at a hearing held upon the plaintiffs' motion to re-open the evidence. The defendants' eleventh point of error is that the trial court erred in granting the motion 33 days after the trial of the case and after the submission of briefs by both parties without requiring plaintiffs to show that the failure to submit such evidence at the time of trial was not due to lack of diligence on their part.

There is authority to the effect that a party seeking to have the evidence re-opened must make a showing of due diligence. *Kroger Co. v. Cellan*, 560 S.W.2d 505 (Tex.Civ.App.—Tyler 1977, writ ref'd n. r. e.). However, there is also authority to the effect that the trial court has complete discretion in deciding whether to re-open the case and such discretion "should be liberally exercised in the interest of permitting both sides to fully develop the case in the interest of justice." *Zodiac Corporation v. General Electric Credit Corporation*, 566 S.W.2d 341, 346 (Tex.Civ.App.—Tyler 1978, no writ); *Barrier v. Beavers*, 531 S.W.2d 191, 193 (Tex.Civ.App.—Amarillo 1975, writ ref'd n. r. e.). The trial court's discretion will be disturbed on appeal only where clear abuse is shown. *Guerrero v. Standard Alloys Manufacturing Co.*, 598 S.W.2d 656 (Tex.Civ.App.—Beaumont 1980, writ ref'd n. r. e.).

There being no "formal" signed judgment found in the record, we hold that the trial court did not abuse its discretion in granting the plaintiffs' motion to re-open. Full development of this case was clearly in the interest of justice in consideration of the age of the 1899 record. We overrule the defendants' eleventh point of error.

The issue as to whether the 1899 suit went to judgment is crucial to the establishment, by the plaintiffs, of a regular chain of title because this is the means by which the plaintiffs' ancestor, Elizabeth, was purportedly vested with the interest claimed by the plaintiffs.

The defendant's sixth point of error is that the trial court erred in finding that

" 'recorded instruments, official records and evidence introduced by plaintiffs show a regular chain of conveyance from sovereignty of soil to P. E. McCarthy and show good title to the disputed property to be in the heirs of S. M. McCarthy and Elizabeth McCarthy' " because there is insufficient evidence to support such finding. The defendants' basis for this point of error is that the plaintiffs could not introduce in evidence an original signed copy of a divorce judgment. The defendants' seventeenth point of error is very similar to the sixth. The seventeenth point of error is that the trial court erred in finding that P. E. and Christine McCarthy were divorced because such finding was against the greater weight and preponderance of the evidence.

In contradiction of the plaintiffs' documentary evidence of a purported divorce judgment, the defendants' evidence included: census records of June 1900 that P. E. and Christine were living together as man and wife; a deposition of Mitchell Hightower, a friend of the family, in which Hightower testified that P. E. and Christine were living together when he visited them in 1904; Christine's treatment of the property as her own as shown by her execution in 1940 of a deed to S. M. McCarthy which covered the disputed tract; Christine's treatment of the property as her own as purportedly shown by two wills which were admitted into evidence; and testimony as to a conversation Siebelt McCarthy, Jr. had with his father, S. M., wherein his father said that P. E. and Christine never divorced after working out their problems.

■ The weight and credibility of the evidence submitted and all reasonable inferences therefrom is a matter for determination by the trial court. *Southwestern Investment Co. v. Hockley County Seed & Delinting, Inc.*, 511 S.W.2d 724, 734 (Tex. Civ.App.—Amarillo), writ ref'd n. r. e. at 516 S.W.2d 136, (1974). The fact that P. E. and Christine lived together after 1899 is not conclusive as to whether a legal divorce was obtained. Christine's wills do not specifically describe the disputed tract and the 1940 deed could work to convey no more

than what Christine owned. The fact finder was the judge of the credibility of the defendants' witnesses and the weight to be accorded their testimony and this rule is applicable equally to witnesses appearing in person or by deposition. *Johnson v. Coggeshall*, 578 S.W.2d 556, 559 (Tex.Civ.App.— Austin 1979, no writ).

■ The judicial record from the 1899 proceedings, consisting mainly of the memorandum of judgment and the minutes, was properly before the court as evidence that a judgment was rendered and as evidence of the terms and effect of the judgment. *Scott v. Scott*, 554 S.W.2d 274, 277 (Tex.Civ. App.—Houston [1st Dist.] 1977, no writ); *Adams v. State Board of Insurance*, 319 S.W.2d 750, 754 (Tex.Civ.App.—Houston 1958, writ ref'd n. r. e.).

■ We hold the evidence sufficient to support the trial court's finding that a divorce judgment was rendered in 1899 and to support the trial court's finding that an undivided one-half remainder interest was therein vested in the plaintiffs' ancestor so as to display a regular chain of title in the plaintiffs.

We note, in passing, the defendants' contention that if there was a judgment rendered in 1899 it was without effect because title to separate property was divested from either P. E. or Christine in granting remainder interests to the parties' ancestors. One of the issues in the 1899 divorce was construction of the 1893 deed from P. E. to Christine. No divestiture in the division of property took place in relation to the divorce as such. By its construction the trial court merely determined that prior to the initiation of divorce proceedings, life estate and remainder interests had been created by the 1893 deed.

We overrule the defendants' sixth and seventeenth points of error.

■ The defendants' seventh and eighth points of error are that the trial court erred in finding that the plaintiffs displayed a regular chain of conveyances into themselves as to an individual interest in the disputed tract because there was no convey-

ance to the plaintiffs. Relying upon Tex. Rev.Civ.Stat.Ann. art. 1288 (1980) the defendants assert that there was no written agreement filed with the court giving the court authority to act as the agent of P. E. and Christine. We overrule the seventh and eighth points of error on the grounds that the evidence of the judgment is sufficient as a muniment of title. See: *Smith v. Wofford,* 40 S.W.2d 883 (Tex.Civ.App.— Texarkana 1931, writ ref'd); *Crow v. Van Ness,* 232 S.W. 539 (Tex.Civ.App.—Amarillo 1921, no writ).

The defendants, in their ninth and tenth points of error, assert that the trial court erred in rendering a joint judgment for the plaintiffs. They have failed to brief these points with argument and authority; therefore, the ninth and tenth points of error are waived. Tex.R.Civ.P. 418 (Supp. 1981).

The defendants' twelfth through sixteenth points of error go to contentions that the trial court erred in not finding that they held fee simple title to the disputed tract through adverse possession.

Based upon its finding that the defendants never gave the plaintiffs notice of their claim of adverse possession and limitation prior to November 29, 1976, the trial court concluded that defendants' claim of fee title to the property was not supported by sufficient evidence.

It should be recalled that there is in evidence a deed executed by Christine which purports to convey to S. M. McCarthy, the defendants' ancestor, no less than a fee simple title in the disputed tract. This deed was filed of record in 1940. Furthermore, Siebelt McCarthy, Jr. testified, without contradiction, that: his father used and occupied the tract until 1940 and then moved away. Thomas McCarthy (one of the defendants) and his wife lived on the tract from the time their father left the tract until 1970; Thomas used the tract for farming and grazing; the tract was fenced; Thomas' use and occupancy of the tract during that time was open and continuous; taxes were paid by the defendants; no one

asserted a claim to the property. Elizabeth McWilliams (also one of the defendants) testified that at the time of trial she was keeping cattle on the tract.

It is apparent that the defendants were in possession of the property for a period sufficient to gain full title to the disputed tract, at least under the twenty-five year statute of limitations. Tex.Rev.Civ.Stat. Ann. art. 5519 (Supp.1980). However since the plaintiffs and defendants are co-tenants claiming through their respective ancestors, the question as to whether the defendants gave the plaintiffs notice of their adverse claim becomes one of paramount importance because a co-tenant is presumed to be in recognition of common ownership. *Horrocks v. Horrocks,* 608 S.W.2d 733 (Tex. Civ.App.—Dallas 1980, no writ).

The defendants rely heavily upon the fact that the 1940 deed to S. M. McCarthy was recorded in the deed records. While it is true that notice of repudiation of a co-tenancy on the part of one co-tenant may be actual or constructive, the mere "registration of a deed from one co-tenant or even a stranger to the property will not operate as constructive notice of the adverse claim of the grantee". *Arrington v. McDaniel,* 14 S.W.2d 1009, 1012 (Tex.Comm'n App.1929). The defendants do not contend that the plaintiffs had actual notice of the repudiation.

The defendants also rely upon the case of *Moore v. Knight,* 127 Tex. 610, 94 S.W.2d 1137 (1936) in which it was held that the evidence of long continued possession by the repudiating co-tenant coupled with the taking and recording of two deeds to the tract by the repudiating co-tenant was sufficient to sustain the jury's finding that there was notice of an adverse claim.

The import of the court's holding in *Moore* is that these factors were appropriate grounds upon which the jury could have inferred notice. However, the facts here are distinguishable from those in *Moore* in that the trial court here specifically found there was no notice prior to 1976.

In approaching the question as to whether the trial court was justified in making

this specific finding we are mindful of the fact that the parties are related by blood. The court in *Moore* distinguished co-tenants who are related by blood from those not so related and stated that the existence of blood relationship among co-tenants is a circumstance to be considered because those related by blood are more likely to oppose the claims of those who have inherited by strangers. See also: *Horrocks v. Horrocks, supra.*

In view of the fact that the parties are co-tenants related by blood and the possession of the defendants was consistent with the existence of a co-tenancy we hold that there was sufficient basis for the trial court's finding that the plaintiffs were without notice of the defendant's claim.

We overrule the twelfth through sixteenth points of error.

The judgment of the trial court is affirmed except insofar as Charles Gooch was made an involuntary plaintiff. Charles Gooch is accordingly dismissed.