IN THE SUPREME COURT OF TEXAS








IN THE SUPREME 
COURT OF TEXAS
════════════
No. 06-0911
════════════
Edwards Aquifer 
Authority et al., Petitioners,
v.
Chemical Lime, Ltd., 
Respondent
════════════════════════════════════════════════════
On 
Petition for Review from the
Court of Appeals for the Third District of 
Texas
════════════════════════════════════════════════════
 
Argued April 1, 
2008
 
 
            
Justice 
Brister, 
concurring.
 
            
It has been said that “any law student, after a month in law school, 
knows that the answer to the question ‘Define X,’ is: ‘For what purpose are we 
defining this term?’”[1] In this case, we must define “take 
effect” for the purpose of deciding when our judgments become the law, not when 
they become final. One would think judgments from this Court would become the 
law immediately. Indeed, there is no foreboding in the term “Judgment Day” if 
nothing happens until “Mandate Day.”
            
I agree with the Court that our decisions can take effect whenever we say 
they do. For example, in the school finance cases we postponed the effective 
date of one judgment for seven months,[2] another for six months,[3] and another for more than a year[4] — all long after the judgment was final 
and the mandate had issued. Similarly, in a handful of special cases the 
Legislature has provided that an appellate judgment takes effect before 
the mandate,[5] with the mandate,[6] and after the mandate.[7]
            
But except in such special cases, it would be a waste of time for courts 
to set each effective date individually. Circumstances may dictate when a 
special judgment should take effect, but for all other judgments we need a 
general rule. Accordingly, I join in the Court’s judgment and all parts of its 
opinion except those that leave the general rule up in the air. For several 
reasons, the obvious and logical general rule is that our decisions should take 
effect on the date of judgment.
I. What Matters Is The Judgment
            
First of all, we should start with the principle that cases are decided 
by judgments, not mandates. Judgments are rendered by the court,[8] and a majority of the court must agree to 
them.[9] Mandates, by contrast, are drafted and 
signed by the clerk;[10] judges rarely even see them. As Justice Pope wrote for this Court 30 years ago in Burrell v. 
Cornelius: “Judges render judgment; clerks enter them on the 
minutes.”[11] Our decisions should take effect when 
the justices act, not the clerk.
            
Second, the appellate rules recognize in many places that the operative 
act binding the parties is the judgment, not the mandate:
 
$          
when a party dies during an appeal, “the appellate court’s judgment 
will have the same force and effect as if rendered when all parties were 
living”;[12]
 
$          
when public officials leave office, their 
successors “will be bound by the appellate court’s judgment . . . .”;[13] and
 
$          
when a party voluntarily appears on appeal, or 
learns of its outcome, that party “is bound by the opinion, judgment, or 
order . . . .”[14]
 
Because the 
judgment is the operative act of a court, its date should be the operative 
date.
            
Third, our judgments should mean what they say. “The controlling 
intention of the court’s judgment is that expressed on the face of the judgment 
. . . .”[15] If our judgment says something can or 
can’t be done, then that ought to be the law — immediately.[16] If a judgment orders children taken from 
or returned to their parents, that should not wait for 
the mandate. If a judgment declares a fee unconstitutional, collection ought to 
stop at once.[17] If our judgments have no effect until 
the mandate issues, then they do not mean what they say.[18]
            
Fourth, our standard treatment of stay orders shows we intend judgments 
to take effect immediately. The clerk cannot lift a stay order; the court must 
do so, and our standard procedure has been to lift a stay when we issue our 
judgment.[19] The same practice is used in the courts 
of appeals: stays are lifted when the judgment issues.[20] If our judgments do not take effect 
immediately, then parties can do whatever they want in the purgatory between 
judgment and mandate.
            
Fifth, for several decades we have tried to simplify the rules of 
procedure by insisting that judgments bear a date and that deadlines run from 
it. To quote Justice Pope in Burrell again:
 
Law 
professors should teach, writers of legal form books should so correct their 
books, lawyers should so draft documents, and judges should make certain that 
above the signature on each judgment or order there are the words: “Signed 
this______ day of______, 19___.”[21]
 
Today, an 
appellate decision takes effect on the date of judgment for many purposes, 
including: when plenary power expires in the court of appeals;[22] when a judgment becomes dormant;[23] when limitations runs for filing a bill 
of review;[24] when indemnity and third-party claims 
accrue;[25] and when tolling ends on alter ego 
claims.[26] Clarity and certainty are lost if the 
judgment date counts for these purposes, but does not count when deciding when 
the judgment takes effect.
            
Sixth, judgments take effect immediately for all who are not parties in 
the case. Usually our opinions apply both prospectively and retroactively,[27] but sometimes we apply a decision 
prospectively only, in which case our standard practice has been to declare the 
law from the date of judgment, not the date of finality or the mandate.[28] This appears to be the practice of our 
sister court too.[29] It would be very odd for our decisions 
to take effect for third parties before they take effect for the parties 
involved in the case.
            
Seventh and finally, we expect lower courts to follow our decisions 
without receiving an explicit order to do so.[30] In mandamus cases, we generally grant 
the writ conditionally because we expect lower courts to comply without 
receiving the writ. But how can we expect lower courts to comply with our 
opinions immediately if they have not yet taken effect?
II. What About the Opinion?
            
One could argue that our decisions should take effect on the date of 
opinion rather than the date of judgment. In cases remanded for proceedings 
consistent with our opinion, the lower courts must have the opinion to carry out 
the judgment.[31] Of course in most cases the opinion and 
judgment issue together, so the effective date for both is the same.[32] But in a few cases they are different, 
and in those cases the date of judgment is more important.
            
In a few emergencies, we have issued judgments or orders with opinions to 
follow.[33] For example, in In re Doe we issued a judgment on March 10, 
2000 and the opinions three months later.[34] In such cases, we clearly intended the 
judgments to take effect immediately; there was no other reason to issue them 
before the opinions were ready. And we certainly did not intend those judgments 
to take effect only when the mandate issued much later. Opinions, motions for 
rehearing, and mandates can issue in due course, but judgments ought to take 
effect immediately.
            
It is true that in emergency cases we can order the mandate issued early 
and deny the parties the right to file a motion for rehearing.[35] But prohibiting motions for rehearing 
can mean missing an opportunity to correct a mistake. The best way to make 
judgments effective immediately, while still allowing for mistakes, is to make 
the effective date the date of judgment.
III. What About the Mandate?
            
Justice Willett’s proposal 
that our decisions should take effect only when the mandate issues will not work 
for one primary reason: after many of our opinions there is no mandate. Mandates 
issue only after a judgment.[36] No mandate issues when we deny a 
petition, even if we do so by written opinion. Nor do mandates issue in mandamus 
proceedings, which we decide by “orders” rather than “judgments.”[37] If a mandate is required before this 
Court’s decisions take effect, then many of them never have and never will.
            
But there’s more. From 1892 until 1978, Texas law prohibited clerks from 
issuing a mandate until court costs were paid.[38] Thus, for example, the first rules of 
civil procedure in 1941 provided:
 
On the 
rendition of a final judgment or decree in the Supreme Court, the clerk of said 
court shall not issue and deliver the mandate of the court, nor certify the 
proceedings to the lower court, until all costs accruing in the case in the 
Supreme Court and the Court of Civil Appeals have been paid . . .[39]
 
If costs were 
not paid within 12 months, the case was simply dismissed and no mandate ever 
issued.[40] These rules were replaced in 1978,[41] but it is hard to say how many judgments 
before then were never followed by a mandate. So which of our opinions have 
never taken effect? And how would anyone know without looking through files 
perhaps 100 years old?
            
As we explained in Continental Casualty Co. v. Street in 1963, a 
mandate is a procedural device intended to keep courts from issuing conflicting 
orders:
 
The rules 
relating to the return of the mandate from the appellate to the trial court are 
. . . primarily procedural in nature. They provide for an orderly dispatch of 
judicial business by adopting procedures under which both the appellate and 
trial courts may have knowledge of the status of pending litigation and thus 
prevent the issuance of conflicting orders by the courts of the trial and 
appellate levels.[42]
 
Mandates are 
thus a means of communication between courts; they were not even required to be 
sent to the parties until 2003.[43]
            
This is why the rules provide for enforcement of our decisions only after 
the mandate.[44] Postponing enforcement of our 
decisions is not the same as postponing when they are effective; indeed 
an injunction or declaratory judgment cannot be enforced by contempt unless it 
becomes effective sometime earlier. Appellate courts do not entertain motions 
for turnover, garnishment, or contempt; those must be filed in the trial court. 
Absent supersedeas, this means the case can be 
proceeding in two courts at once. In such cases, the mandate is our notice to 
the trial court that it can start enforcing a new judgment or proceed with 
enforcement of the old one without stepping on our toes.
            
This is also why a judgment in an interlocutory appeal “takes effect when 
the mandate is issued.”[45] Here again, an interlocutory appeal 
(unlike a final appeal) means the case is pending in two courts at once. As a 
result, there is a daily potential for conflicting orders. The standard solution 
is to abate action in one of the two courts, as we do in cases of dominant 
jurisdiction.[46] Sometimes, a statute or stay from the 
appeals court keeps the trial court from issuing conflicting orders.[47] But in other cases, it may be best for 
the trial court to proceed, with the appellate court’s orders taking effect only 
with the mandate. The reason our rules abate the effective date in interlocutory 
appeals until the mandate, but say nothing about abating the effective date for 
final appeals, is because the two cases are not the same.
IV. What About Finality?
            
If finality is the goal, the mandate is not the answer. First of all, 
mandates issue 10 days after our judgment is final;[48] any argument to postpone the effective 
date until finality does not justify postponing it 10 days more. Moreover, 
mandates can be recalled;[49] so while judgments and opinions can 
change, mandates can too.
            
The problem is that it is hard to say when our decisions are final. The 
rules of procedure place no explicit limit on our plenary power, as they do for 
the courts of appeals.[50] And as we have noted several times 
before, judgments become “final” for different purposes at different times.[51] Thus, for the purpose of review by the 
United States Supreme Court, a judgment from this Court is “final” immediately, 
not when the mandate issues.[52] For purposes of res judicata and collateral estoppel, a judgment is also “final” even if the appeal is 
not.[53] Holding that our 
judgments do not take effect until they are “final” serves only to confuse when 
they actually take effect.
            
As a historical matter, our judgments almost never change on rehearing. 
In the last 10 fiscal years, this Court issued more than 1100 majority and per 
curiam opinions. On rehearing, we changed less than 50 
of the opinions, and those almost always in minor respects that had no effect on 
the judgment. In only four cases did the prevailing party in the judgment change.[54] Thus, the chance that an original 
judgment will differ from the final judgment is about 1 in 300. We should not 
let such long odds dictate the general rule about when our judgments take 
effect.
            
Finally, there are also constitutional considerations in deciding when 
our decisions take effect. The Texas Constitution grants the Legislature alone 
the power to suspend laws.[55] That provision has never prevented the 
courts from suspending a law that is itself unconstitutional. But once we decide 
that a law is constitutional, keeping the law suspended during our 
administrative steps leading to finality and a mandate is (to say the least) 
problematic.
* 
* *
            
When a mandate conflicts with a judgment or opinion, it is the mandate 
that must yield.[56] The same should be true regarding when 
our decisions take effect. Perhaps “it ain’t over till 
it’s over,” but a judgment from the Supreme Court of Texas ought to mean “it’s 
over.” Accordingly, as a general rule I would hold that our decisions take 
effect when we issue a judgment.
 
            
_______________________________
            
Scott Brister
            
Justice
 
 
OPINION 
DELIVERED: June 26, 2009








[1] Alan Hyde, 
Response to Working Group on Chapter 1 of the Proposed Restatement of 
Employment Law: On Purposeless Restatement, 13 Emp. Rts. & Emp. Pol’y 
J. 87, 87 
(2009).

[2] See 
Edgewood Indep. Sch. Dist. 
v. Kirby, 777 S.W.2d 391, 399 (Tex. 1989) (postponing effective date of 
October 2, 1989 opinion until May 1, 1990).

[3] See Neeley v. W. Orange-Cove Consol. Indep. Sch. Dist., 176 S.W.3d 
746, 799 (Tex. 2005) (postponing effective date of November 22, 2005 opinion 
until June 1, 2006).

[4] See 
Carrollton-Farmers Branch Indep. Sch. Dist. v. 
Edgewood Indep. Sch. 
Dist., 826 S.W.2d 489, 523 (Tex. 1992) (postponing effective date of January 
30, 1992 opinion until June 1, 1993).

[5] See 
Tex. Lab. 
Code § 102.074(c) 
(providing that labor arbitration takes effect 11 days after date of appellate 
decision).

[6] See 
Tex. Alco. 
Bev. Code § 61.34(c) (providing that if alcoholic beverage license issued 
by order of district court is reversed on appeal, “the mandate of the appellate 
court automatically invalidates the license”).

[7] See 
Tex. Bus. Corp. Act art. 7.02(F) 
(allowing period to cure corporate defaults up to 60 days after appellate 
mandate issues).

[8] See, 
e.g., Tex. R. App. P. 43.1, 43.3, 43.5, 
46.1, 46.2, 60.5.

[9] Tex. R. App. P. 41.1.

[10] See 
Tex. R. App. P. 
18.1.

[11] 570 S.W.2d 
382, 384 (Tex. 1978).

[12] Tex. R. App. P. 7.1(a)(1) (emphasis added).

[13] Tex. R. App. P. 7.2(b) (emphasis 
added).

[14] Tex. R. App. P. 15.2 (emphasis 
added).

[15] Harrison 
v. Manvel Oil Co., 180 S.W.2d 909, 915 (Tex. 1944).

[16] See Flanary v. Wade, 113 S.W. 8, 10 (Tex. 1908) (holding 
appellate reversal of trial court judgment immediately barred enforcement of it, 
even though judgment had not been superseded and appeal was not final); 
Carpenter v. First Nat’l Bank, 20 S.W. 130, 131 (Tex. 1892) (holding 
Supreme Court order quashing writ “took effect at once, and put the parties in 
the same position as if no order of quashal had ever 
been entered”); Bichsel v. Heard, 328 
S.W.2d 462, 467 (Tex. Civ. App.—San Antonio 1959, no 
writ) (holding police chief could not be held in contempt for insisting on 
polygraph allowed by court of appeals during pendency 
of rehearing because court could not “punish him for taking for granted that we 
meant just what we said when we stated that the injunction was dissolved”); 
accord, Matter of Bohart, 743 F.2d 313, 
321 n.7 (5th Cir. 1984).

[17] In In re Long we held the Dallas County Clerk 
could not be held in contempt for charging an improper fee “until the appeals 
were final and mandate issued.” 984 S.W.2d 623, 626 (Tex. 
1999). But in that case the Clerk filed a writ of error in this Court, 
thereby superseding the court of appeals’ judgment so that it did not take 
effect immediately. See Tex. 
R. App. P. 51.1(b).

[18] Applying the 
same rule, if we order the trial court to vacate an injunction rather than doing 
so ourselves, see, e.g., HEB Ministries, Inc. v. Texas Higher Educ. Coordinating Bd., 235 S.W.3d 627, 661 (Tex. 2007), 
then the effective date would be postponed until then.

[19] See, 
e.g., Univ. of Tex. Med. Sch. v. Than, 901 
S.W.2d 926, 929 (Tex. 1995) (noting that this Court lifted stay when it denied 
mandamus relief); In re Helena Chem. Co., No. 13–09–00040–CV, 2009 WL 
866838 *2 (Tex. App.—Corpus Christi Mar. 31, 2009, orig. proceeding) (noting 
that Texas Supreme Court lifted stay when it granted mandamus 
relief).

[20] See, 
e.g., In re Office of Attorney Gen., 257 S.W.3d 695, 697 (Tex. 2008) 
(noting that court of appeals lifted stay when it denied mandamus relief); In 
re Dallas Area Rapid Transit, 967 S.W.2d 358, 359 (Tex. 1998) (same); 
Waite v. Waite, 76 S.W.3d 222, 223 (Tex. App.—Houston [14th Dist.] 2002, 
pet. denied) (dismissing appeal as moot and lifting stay).

[21] Burrell v. 
Cornelius, 570 S.W.2d 382, 384 (Tex. 1978).

[22] See 
Tex. R. App. P. 
19.1.

[23] Tex. Civ. Prac. & Rem. 
Code § 34.001; John F. Grant Lumber Co. v. 
Bell, 302 S.W.2d 714, 715 (Tex. Civ. App.—Eastland 
1957, writ ref’d).

[24] See 
Caldwell v. Barnes, 975 S.W.2d 535, 538 (Tex. 1998); see also Tex. Prob. Code § 55(a).

[25] See 
Ingersoll-Rand Co. v. Valero Energy Corp., 997 S.W.2d 203, 210 (Tex. 1999); 
J.M.K. 6, Inc. v. Gregg & Gregg, 
P.C., 192 S.W.3d 189, 200 (Tex. App.-Houston [14th Dist.] 
2006, no pet).

[26] See 
Matthews Constr. Co., Inc. v. Rosen, 796 S.W.2d 
692, 694 (Tex. 1990).

[27] See Centex Homes v. Buecher, 95 S.W.3d 266, 277 (Tex. 2002); Elbaor v. Smith, 845 S.W.2d 240, 250 (Tex. 
1992).

[28] See State 
Farm Fire and Cas. Co. v. 
Gandy, 925 S.W.2d 696, 720 (Tex. 1996) (applying decision prospectively from 
date of opinion); Elbaor, 845 S.W.2d at 251 
(same); Reagan v. Vaughn, 804 S.W.2d 463, 468 (Tex. 1990) (same); 
Huston v. F.D.I.C., 800 S.W.2d 845, 849 (Tex. 1990) (same); see also 
Moser v. U.S. Steel Corp., 676 S.W.2d 99, 103 (Tex. 1984) (applying opinion 
prospectively from date of first opinion rather than opinion on rehearing); 
Duncan v. Cessna Aircraft Co., 665 S.W.2d 414, 434 (Tex. 1984) (same); 
In re J. J., 617 S.W.2d 188, 188 (Tex. 1981) (applying prospective decision 
to case still pending when decision issued); see also Acord v. Gen. Motors Corp., 669 S.W.2d 111, 115 (Tex. 
1984) (applying prospective decision from date rehearing was overruled). But 
cf. Lohec v. Galveston County Comm’rs Ct., 841 S.W.2d 361, 366 n.4 (Tex. 1992) 
(applying decision prospectively from date of trial court’s judgment); Felderhoff v. Felderhoff, 473 
S.W.2d 928, 933 (Tex. 1971) (applying decision prospectively from date accident 
occurred).

[29] See State 
v. Cullen, 195 S.W.3d 696, 699 (Tex. Crim. App. 
2006) (“Effective from the date of this opinion, the requirement is: upon the 
request of the losing party on a motion to suppress evidence, the trial court 
shall state its essential findings.”); Geesa 
v. State, 820 S.W.2d 154, 164–5 (Tex. Crim. App. 
1991) (applying decision prospectively from date of opinion).

[30] See Dallas 
Area Rapid Transit v. Amalgamated Transit Union Local No. 1338, 273 S.W.3d 
659, 666 (Tex. 2008) (“It is fundamental to the very structure of our appellate 
system that this Court’s decisions be binding on the 
lower courts.”).

[31] See Perry 
Nat’l Bank v. Eidson, 340 S.W.2d 483, 487 n.2 (Tex. 1960) (noting that where 
a judgment refers to further proceedings consistent with the court’s opinion, 
“[t]he nature of the judgment is therefore determined by an inspection of the 
opinion”).

[32] See 
Tex. R. App. P. 63 (requiring 
Supreme Court to “hand down a written opinion in all cases in which it renders a 
judgment,” and our clerk to send both opinion and judgment to the lower court 
clerks, the regional administrative judge, and the parties); see also 
Tex. R. App. 
P. 48.1 (requiring court of appeals’ clerk to 
send both opinion and judgment “[o]n the date when an appellate court’s opinion 
is handed down”).

[33] See, 
e.g., In re Doe 1, 19 S.W.3d 300, 300 (Tex. 2000); Texas Water 
Comm’n v. Dellana, 849 
S.W.2d 808, 809 n.1 (Tex. 1993); Davenport v. Garcia, 837 S.W.2d 73, 73 
(Tex. 1992).

[34] 19 S.W.3d 
346, 349 (Tex. 2000).

[35] See 
Tex. R. App. P. 
18.1(c), 49.4, 
64.1.

[36] See 
Tex. R. App. P. 18.1 (“The 
clerk of the appellate court that rendered the judgment must issue a mandate in 
accordance with the judgment . . . .”).

[37] See 
Tex. R. App. P. 52.8(c) (“If 
the court determines that relator is entitled to 
relief, it must make an appropriate order.”).

[38] Act approved 
April 13, 1892, 22nd Leg., 1st C.S., ch. 14 § 1, 1892 
Tex. Gen. Laws 19, 23 (codified as rule of civil procedure 443 in 1941, amended 
1978) (“The clerk of the Supreme Court shall not deliver the mandate of the 
court until all costs of that court and of the court of civil appeals have been 
paid.”); see also Act approved April 13, 1892, 22nd Leg., 1st C.S., ch. 15, § 47, 1892 Tex. Gen. Laws 25, 33 (amended 1978) 
(companion provision for court of civil appeals).

[39] Tex. R. Civ. P. 507 (adopted Oct. 29, 
1940, eff. Sept. 1, 1941, amended 1978); see also 
Tex. R. Civ. P. 
443 (adopted Oct. 29, 1940, eff. Sept. 1, 1941, amended 1978) (companion rule for courts 
of civil appeals).

[40] Tex. R. Civ. P. 509 (adopted Oct. 29, 
1940, eff. Sept. 1, 1941, repealed 1978) (“When a case 
is reversed and remanded, no mandate shall issue after twelve months from the 
rendition of final judgment of the Supreme Court, or the overruling of a motion 
for rehearing. When a cause is reversed and remanded by the Supreme Court, and 
the mandate is not taken out within twelve months as hereinbefore provided, 
then, upon the filing in the court below of a certificate of the clerk of the 
Supreme Court that no mandate has been taken out, the case shall be dismissed 
from the docket of said lower court.”); see also Tex. R. Civ. P. 445 (adopted Oct. 29, 
1940, eff. Sept. 1, 1941, repealed 1978) (“In cases 
which have been reversed and remanded by a Court of Civil Appeals, if no mandate 
shall have been taken out and filed in the court where the cause originated 
within one year after the motion for rehearing is overruled or final judgment 
rendered, then upon the filing in the court below of a certificate of the clerk 
of the Court of Civil Appeals where the cause was pending that no mandate has 
been taken out, the case shall be dismissed from the docket.”); Act approved 
April 10, 1901, 27th Leg., R.S., ch. 54, § 1, 1901 
Tex. Gen. Laws 122, 123 (repealed 1978). For examples of the application of 
these rules, see Dignowity v. Fly, 210 S.W. 
505, 506 (Tex. 1919); Davy Burnt Clay Ballast Co. v. St. Louis Sw. Ry. Co., 32 S.W.2d 209, 
211 (Tex. Civ. App.—Dallas 1930), writ ref’d, 32 S.W.2d 822 (Tex. 1930).

[41] See 
Tex. R. Civ. P. 507 & 443 
(amended by order of July 11, 1977, eff. Jan. 1, 
1978).

[42] 364 S.W.2d 
184, 187 (Tex. 1963).

[43] Tex. R. App. P. 12.6 (1997, amended 
2003); Tex. R. App. P. 18.1 
(1997, amended 2003).

[44] See 
Tex. R. App. P. 
51.1(b) (“When the trial court clerk receives the mandate, 
the appellate court’s judgment must be enforced.”); Tex. R. App. P. 65.2 (“If the Supreme 
Court renders judgment, the trial court need not make any further 
order. Upon receiving the Supreme Court’s mandate, the 
trial court clerk must proceed to enforce the judgment of the Supreme Court as 
in any other case.”).

[45] Tex. R. App. P. 18.6.

[46] See Perry 
v. Del Rio, 66 S.W.3d 239, 252 (Tex. 2001) (“As a rule, when cases involving 
the same subject matter are brought in different courts, the court with the 
first-filed case has dominant jurisdiction and should proceed, and the other 
cases should abate.”).

[47] See 
Tex. Civ. Prac. & Rem. Code § 51.014; 
Tex. R. App. P. 52.10.

[48] See 
Tex. R. App. P. 18.1(b); 
John F. Grant Lumber Co. v. Bell, 302 S.W.2d 714, 717 (Tex. Civ. App.—Eastland 1957, writ ref’d) (Although a mandate cannot issue until the judgment 
is final, “the issuance of a mandate was not necessary ‘to render the judgment 
final.’”) (citing Cont’l Gin Co. v. Thorndale Mercantile Co., 
254 S.W. 939, 941 (Tex. Com. App. 1923, judgment adopted)).

[49] Tex. R. App. P. 18.7.

[50] See 
Tex. R. Civ. P. 
19.

[51] See Sultan 
v. Mathew, 178 S.W.3d 747, 751 (Tex. 2005) (noting that “the term ‘final,’ 
as applied to judgments, has more than one meaning”); Street v. Hon. Second 
Ct. of Appeals, 756 S.W.2d 299, 301 (Tex. 1988).

[52] See Sup. Ct. R. 13(3) (“The time to file a 
petition for a writ of certiorari runs from the date of entry of the judgment or 
order sought to be reviewed, and not from the issuance date of the mandate (or 
its equivalent under local practice).”).

[53] See Scurlock Oil Co. v. Smithwick, 
724 S.W.2d 1, 6 (Tex. 1986).

[54] See 
Evanston Ins. Co. v. ATOFINA Petrochemicals, Inc., 256 S.W.3d 660 (Tex. 
2008); Excess Underwriters at Lloyd’s, London v. Frank’s Casing Crew & 
Rental Tools, Inc., 246 S.W.3d 42 (Tex. 2008); F.F.P. Operating Partners, 
L.P. v. Duenez, 237 S.W.3d 680 (Tex. 2007); 
John G. & Marie Stella Kenedy Mem’l Found. v. Dewhurst, 90 
S.W.3d 268 (Tex. 2002).

[55] See 
Tex. Const. art. I, § 28 (“No power of 
suspending laws in this State shall be exercised except by the 
Legislature.”).

[56] See, 
e.g., O’Neil v. Mack Trucks, Inc., 551 S.W.2d 32, 32 (Tex. 
1977).