**ATLANTIC RICHFIELD CO., et al., Appellants,**

v.

**Robert Gerald LINDHOLM, Appellee.**

**No. 13–86–103–CV.**

Court of Appeals of Texas, Corpus Christi.

June 26, 1986.

Rehearing Denied Aug. 29, 1986.

Raymond B. Kelly, III, Fort Worth, William H. Keys, Corpus Christi, for appellants.

Richard A. Hall, Corpus Christi, J.R. Schneider, George West, for appellee.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a declaratory judgment action tried before the court. The trial court determined that appellee, the surface owner, owns the uranium on a tract of land in McMullen County referred to as Section 81. We affirm the judgment of the trial court.

By deed dated October 6, 1934, Byron Rife conveyed to Willis Storm, together with other land and mineral interests not pertinent to this suit, an undivided 8/32 interest "to all of the oil, gas and other minerals of every kind and character" in Section 81. Appellant Storm Associates is the record owner of an undivided 1/32 interest in those "other minerals" and is the successor in interest to Willis Storm. Appellant Atlantic Richfield Company is the record owner of an undivided 7/32 interest in those "other minerals," deriving its interest from a conveyance from Willis Storm to Argo Royalty Co., Atlantic Richfield's predecessor in interest. These conveyances are controlled by the deed from Byron Rife to Willis Storm (Rife deed). In 1949, Olive Hearne and others conveyed the surface estate only of Section 81 to D.W. Rhode, reserving to themselves "all mineral[s] in and under" the land (Hearne deed). The remaining appellants are successors in interest to the Olive Hearne group. Appellee Lindholm is Rhode's successor in interest.

The trial court filed findings of fact and conclusions of law in which he found that neither the Rife deed nor the Hearne deed "affirmatively and fairly express an inten-tion to reserve to the mineral estate those substances which a reasonably prudent operator would remove by a method which would consume or deplete the surface estate." The trial court further found that "a reasonably prudent operator who desired to mine the uranium beneath Section 81 would do so by the open pit method which would substantially consume or deplete a large part of the surface estate of Section 81."

Appellants urge three points of error, in which they contend that the trial court erred in its construction of the deeds and in determining that appellee was the owner of the uranium.

The Rife deed conveyed:

[an] undivided interest in all of the said oil, gas and other minerals in, on and under said land, together with all and singular the rights and appurtenances thereto in anywise belonging with, the right of ingress and egress and possession at all times for the purpose of mining, drilling and operating for said minerals. . . .

The Hearne deed reserved unto the grantors:

all mines and wells of, and all mineral[s] in and under, the said premises hereby conveyed, and it is understood and agreed that the GRANTORS, their heirs and assigns, shall have, and they hereby have, the right and power to take all usual, necessary and convenient means for working, getting, drilling for, laying up, dressing, making merchantable and taking away said minerals, and also for the said purposes, or for any other purpose whatsoever, to make and repair wells, mines, shafts, tunnels, pipelines and drains, in, upon, into and beneath such lands, and to lay and repair pipes under, upon or above them for conveying water to and from manufactory or other buildings, including the right and power at any and all times to grant oil, gas and mineral leases and to enter into development contracts therein or with respect thereto.

In *Acker v. Guinn,* 464 S.W.2d 348, 352 (Tex.1971), the Supreme Court held:

Unless the contrary intention is affirmatively and fairly expressed, ... a grant or reservation of 'minerals' or 'mineral rights' should not be construed to include a substance that must be removed by methods that will, in effect, consume or deplete the surface estate.

In *Reed v. Wylie,* 597 S.W.2d 743 (Tex. 1980) (*Reed II*), the Supreme Court announced the rule for near surface lignite, iron or coal not specifically addressed in a conveyance of land reserving an interest in "oil, gas and other minerals." The Supreme Court held that "if the deposit lies near the surface, the substance will not be granted or retained as a mineral if it is shown that any reasonable method of production would destroy or deplete the surface." *Reed v. Wylie,* 597 S.W.2d at 747. The Court further held that a deposit which is within two hundred feet of the surface is "near surface" as a matter of law. *Id.* at 748. Recently, the Supreme Court has held that "with respect to uranium, the rules of *Acker* and *Reed* will apply to determine the effect of severances of 'other minerals' from the surface estate for severances prior to June 8, 1983." *Friedman v. Texaco, Inc.,* 691 S.W.2d 586, 589 (Tex.1985).[1]

Richard Pruzka testified by deposition. Mr. Pruzka is a geologist with Anaconda Copper Co., who is the operator in a joint venture involved in planning for uranium mining in Section 81. Mr. Pruzka testified that uranium is located beneath the surface of Section 81 ranging in depth from thirty to one hundred and sixty feet beneath the surface. He further testified that open pit mining would be the most feasible and economical method to extract the uranium. His testimony established that the open pit mining method of production would destroy or deplete the surface of Section 81.

Appellants refer us to the recent case of *Schwarz v. State of Texas,* 703 S.W.2d 187 (Tex.1986), wherein the Supreme Court stated:

The rule of presumed intent in *Acker, Reed I,* and *Reed II,* is merely a device for construing ambiguous conveyances. We held that when it is not clear exactly what the term 'minerals' encompasses, we would presume that the parties intended the conveyance of only those substances which would allow them the full enjoyment of their respective estates. If there is an express conveyance of a specific substance, or some other controlling rule of construction indicating a different intent, we are not bound to follow the *Acker* and *Reed* presumption.

*Id.* at 189.

■ Appellants cite many well-known principles of law, one of which is that when construing a deed, no one word, phrase or sentence should be isolated or taken out of context and the entire instrument should be viewed in attempting to arrive at the intent of the parties. Appellant argues that there is language in each deed which "affirmatively and fairly expressed" an intention to grant or reserve the right to destroy the surface in order to remove the uranium. Specifically, appellants contend that the language contained in each deed which we have set out above supports their contentions. The reservation clause in the deed in *Reed I*[2] contained language very similar to that contained in the Hearne deed and the Supreme Court applied the surface destruction test. The Rife deed conveyance of the mineral interest is similar to the conveyance of the mineral interest in *Acker,* in which the Supreme Court arrived at a similar conclusion. We hold that that deeds before us do not affirmatively and fairly express an intention to reserve, or in the case of the Rife deed, convey, uranium to the mineral estates.

1. This pronouncement stems from the Supreme Court's holding in *Moser v. U.S. Steel Corp.,* 676 S.W.2d 99 (Tex.1984), wherein the Supreme Court held that "a severance of minerals in an oil, gas and other minerals clause includes all substances within the ordinary and natural meaning of that word ... [and] uranium is a mineral within the ordinary and natural meaning of the word...." *Id.* at 102.

2. *Reed v. Wylie,* 554 S.W.2d at 169 (Tex.1977) (*Reed I*).

Appellants also argue that the Texas Uranium Surface and Mining Reclamation Act[3] somehow abrogates the surface destruction rule. One of the policy declarations of the Act states that "proper reclamation of surface-mined land is necessary to prevent undesirable land and water conditions that would be detrimental to the general welfare, health, safety, and property rights of the citizens of this state." TEX.NAT.RES.CODE ANN. § 131.002(2) (Vernon Supp.1986). Appellants argue that land which is required to be restored to "the same or a substantially beneficial condition," TEX.NAT.RES.CODE ANN. § 131.102(b)(2) (Vernon Supp.1986), cannot be considered to have been destroyed, depleted, or consumed. We disagree. "If the method of production require[s] the removal of surface soil, it is immaterial that devices of restoration or reclamation [are] available." *Reed v. Wylie*, 554 S.W.2d at 172. We overrule all three of appellants' points of error.

The judgment of the trial court is AFFIRMED.

John J. Heisler, Jr., Ray R. Marchan, Brownsville, for appellant.

Joe Garcia, McAllen, for appellee.

Before BENAVIDES, UTTER and SEERDEN, JJ.

---

**3.** TEX.NAT.RES.CODE ANN. § 131.001–.305 (Vernon Supp.1986).