Leopold P. WOJTASCZYK and Wife, Mary M. Wojtasczyk, Appellants,

v.

Kittie West BURNS and Emma Searcy Burns Lennox, and United States Steel Corporation, Appellees.

No. 13–87–114–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 21, 1988.

---

Dean Patton, Beeville, for appellants.

Calhoun Bobbitt, Thomas Drought, San Antonio, Christopher Byrd, Houston, for appellees.

Before DORSEY, KENNEDY and SEERDEN, JJ.

OPINION

DORSEY, Justice.

This is an appeal from an action originally brought by Kittie West Burns and Emma Searcy Burns Lennox against United States Steel Corporation (USX) for payment of uranium royalties on a tract of land in Live Oak County. In its answer, USX asserted a third-party interpleader action against appellants Leopold and Mary Wojtasczyk as surface owners and lessors. Appellants filed a cross action for payment of all uranium royalties which were due under their mining lease with USX. The District Court granted partial summary judgment in favor of Burns, Lennox, and USX. In four points, appellants argue the trial court erred in granting the judgment because there are several unresolved issues of material fact. We affirm.

At issue is the ownership interests of appellants in the uranium on a 40–acre tract of land.

On June 14, 1977, appellants entered into a three-year lease with USX for the purpose of mining uranium on 139.55 acres of land, which included the subject 40–acre tract. Appellants reserved a ¹⁄₁₆th royalty. Their interests in the subject tract are derived from the following instruments.

In 1923, George W. West[1] conveyed the 40 acres to John Drapalla, appellant's predecessor in interest. The deed contained the following reservation:

> It is specially agreed, however, that the grantor herein reserves to himself all minerals and mineral rights in and to the above described land, including gold, silver, coal, oil, gas, etc., except water together with the right to take the same therefrom upon paying the grantee, his heirs and assigns, the reasonable market value of all the land reasonably necessary for the taking of such minerals, and all reasonable damage to crops and improvements at the time on the land.

In 1935, Albert West, an independent executor of George West's estate, granted to Drapalla the following interest in the subject tract:

> an undivided one-fourth of the mineral rights so reserved in said deed, it being the intention that this conveyance shall vest the said undivided one-fourth of said mineral rights in the present owner of the tract of land....

---

[1] George West is the predecessor in title of appellees Burns and Lennox.

It is undisputed that the appellants own one-fourth of the uranium deposits in the 40–acre tract by virtue of the foregoing provision in the 1935 deed. However, appellants alleged in their cross action that the mineral reservation in the 1923 deed did not include uranium and, therefore, *all* the uranium rights passed to them as surface owners. The trial court disagreed and granted a take-nothing summary judgment against appellants.

In their first and third points of error, appellants contend the trial court erred in holding as a matter of law that they are owners of only one-fourth of the uranium.

When reviewing the granting of a motion for summary judgment, we must consider the evidence in the light most favorable to the nonmovants and indulge every reasonable inference in their favor. *Wilcox v. St. Mary's University*, 531 S.W.2d 589, 593 (Tex.1975). The movant has the burden to show that there are no material issues of fact and that he is entitled to judgment as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986).

Appellants argue that the issue of whether the 1923 reservation includes uranium must be resolved by applying the surface destruction test as articulated in *Friedman v. Texaco, Inc.*, 691 S.W.2d 586 (Tex.1985), *Reed v. Wylie*, 597 S.W.2d 743 (Tex.1980), and *Acker v. Guinn*, 464 S.W.2d 348 (Tex. 1971).

The surface destruction test, however, is merely a device for construing ambiguous conveyances. *Schwarz v. Texas*, 703 S.W.2d 187, 189 (Tex.1986). In *Acker v. Guinn*, 464 S.W.2d at 352, the Supreme Court explained the test as follows:

> Unless a contrary intention is affirmatively and fairly expressed, ... a grant or reservation of 'minerals' or 'mineral rights' should not be construed to include a substance that must be removed by methods that will, in effect,

consume or deplete the surface (emphasis added).[2]

*See also Atlantic Richfield Co. v. Lindholm*, 714 S.W.2d 390, 392 (Tex.App.— Corpus Christi 1986, writ ref'd n.r.e.).

In all of the above-cited cases, the language of reservation or grant was "oil, gas, and other minerals." The tests developed by the courts were to determine whether a particular mineral was included within the phrase "and other minerals."

Appellants contend that the 1923 deed does not "affirmatively and fairly express" an intention by the grantor to include uranium within the mineral reservation. We disagree for the following reasons.

First, the deed states that "all minerals" (as distinguished from "other minerals") are reserved by the grantor. It further states that these minerals include "gold, silver, coal, oil, gas, etc." The use of the terms "including" and "etc." (*et cetera*, meaning "and others," Blacks Law Dictionary 496 (5th ed. 1979)) suggest that the list of minerals is illustrative and not exclusive.

Second, the reservation refers to three minerals (gold, silver and coal) which are typically extracted by means causing destruction of the surface, and two (oil and gas) which are not. This indicates that the means of extraction was not intended to be a controlling or limiting factor in the interpretation of the phrase "all minerals."

Finally, the deed specifically provides for compensation to the grantee/surface owner for "the reasonable market value of all the land reasonably necessary to the taking of such minerals," which reflects that the parties contemplated that minerals such as uranium would be extracted by methods destructive to the surface.

Since the intent to include uranium in the mineral reservation was fairly expressed in

**2.** We recognize that in order for a particular mineral to be excluded from a general reservation of "minerals," it is no longer required that the substance *"must* be removed" by destructive methods. Under *Reed v. Wylie*, 597 S.W.2d 743 (Tex.1980), the test is whether any reasonable method of extraction will destroy or deplete the surface. *Moser v. U.S. Steel Corp.*, 676 S.W.2d 99 (Tex.Sup.1984) holds that uranium is a mineral as a matter of law for conveyances or reservations of "other minerals" after June 8, 1983. This change, however, does not affect the *Acker* qualification regarding the expression of a "contrary intention" by the grantor.

the deed, there is no material fact issue regarding the extent of appellants' interests in uranium in the 40–acre tract. The appellants own an undivided one-fourth of the minerals, including uranium, within the tract.

Points of error one and three are overruled.

Appellants complain in points two and four that the summary judgment was improper because there was no determination by the trial court of the amount of uranium produced from the 40–acre tract as distinguished from any other part of the 139.55 acres covered by the mining lease.

Appellant's cross action against USX was for additional royalties from uranium production and was based on their claimed ownership of 100% of the uranium on the 40–acre tract. The lease between appellants and USX covered 139.55 acres, including the forty acres at issue. In an affidavit submitted as summary judgment evidence, appellant Leopold Wojtasczyk stated that at the time he and his wife entered into the lease with USX, and at all times subsequent, they owned the 139.55–acre leased premises. The lease contained a proportionate reduction clause by which royalties would be computed and paid if the ownership interest of the lessors was less than that stated.

We have failed to locate any pleading or argument by appellants as to why the location of production within the leased premises is material, or why the computation of royalties is erroneous, if their ownership interest in the uranium extracted from the 40–acre tract is 25% rather than 100%.

Accordingly, we overrule points of error two and four. The judgment of the trial court is AFFIRMED.